UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMIE BELK, a minor child, by next friend HELEN BELK, and HELEN BELK, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Case No.: 1:09-CV-199 |
| OFFICER BRENT HUBBARD, UNNAMED OFFICER, and KIMBALL, TENNESSEE POLICE DEPARTMENT, ) ) ) ) | Chief District Judge Curtis L. Collier |
| Defendants. ) | |

## MEMORANDUM

Before the Court is a motion to dismiss filed by Defendant Officer Brent Hubbard and the Town of Kimball[1] ("Defendants") (Court File No. 6). Plaintiffs Jamie Belk[2] and Helen Belk ("Plaintiffs") responded to the motion to dismiss (Court File No. 8), to which Defendants replied (Court File No. 11). In addition, Plaintiffs filed a motion to amend their complaint (Court File No. 9) and Defendants filed a response in opposition to this motion (Court File No. 14).

For the following reasons, Defendants' motion to dismiss will be **DENIED** (Court File No. 6) and Plaintiff's motion to amend complaint will be **GRANTED** (Court File No. 9).

---

[1] Plaintiffs' initial complaint named "Kimball Police Department" as a defendant, but in Defendants' answer (Court File No. 5), Defendants assert the proper party to be named is "Town of Kimball." This matter is discussed and resolved in the **Amendment of Pleadings** section of this memorandum.

[2] Pursuant to Fed. R. Civ. P. 5.2(a)(3), Plaintiff Jamie Belk as a minor child is afforded privacy protection and could be referenced by her initials. This is an exception offered to minor children from Fed. R. Civ. P. 10 (a) requiring the full name of all parties. However, as all pleadings in this case have included the case style referencing "Jamie Belk, a minor child, " the Court concludes the privacy protection afforded has been waived. Fed. R. Civ. P. 5.2(h).

**I.      FACTS**

Plaintiffs assert claims against Officer Brent Hubbard ("Officer Hubbard"), an unnamed officer ("Officer"), and the Kimball, Tennessee Police Department ("Kimball Police"). In their complaint, Plaintiffs state causes of action under 42 U.S.C. §§ 1981, 1983, and 1988. Plaintiffs also allege state law claims of intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, gross negligence, false imprisonment, false arrest, violation of equal protection under the law, and unreasonable search and seizure. Plaintiffs seek compensatory as well as punitive damages. Defendants timely filed an answer, in which Officer Hubbard reserved the right to rely upon the doctrine of qualified immunity as a defense.

Plaintiffs allege Officer Hubbard and Officer arrived at a skating rink where they observed a number of juveniles smoking tobacco (Court File No. 1 ("Complaint"), ¶¶ 11-12). Officer Hubbard ordered Plaintiff Jamie Belk ("Jamie") to remain in one area and refused to allow her to use the restroom (*id*. ¶¶ 14-16). When Jamie tried to go to the restroom, Jamie contends Officer Hubbard abandoned his investigation of the other juveniles and followed her into the women's restroom where he restrained, handcuffed, and proceeded to place her in the back of his police car (*id*. ¶ 16). Officer Hubbard and Officer arrested Jamie and charged her with possession of tobacco by a minor in violation of Tenn. Code Ann. § 39-17-1505, and with resisting arrest in violation of Tenn. Code Ann. § 39-16-602, (*id*. ¶ 19). Plaintiffs allege Officer Hubbard did not confiscate any tobacco products from Jamie and at no time did Jamie use any force against the officers which would be required to support a conviction under Tenn. Code Ann. § 39-16-602 (*id*. ¶¶ 23-24). Officer Hubbard then transported Jamie to Marion County Detention Center where she was

processed, issued a court date, and released to her father (*id.* ¶ 21).

Along with Defendants' answer, Defendants filed a motion to dismiss all claims against Officer Hubbard in his individual capacity and to dismiss any claims for punitive damages. Plaintiffs responded to this motion but failed to cite relevant authority to support their suit against Officer Hubbard in his individual capacity. Rather, Plaintiffs misconstrued Defendants' motion as one for summary judgment or a motion to dismiss all claims against all the parties. Plaintiffs subsequently filed a motion to amend their complaint to specifically sue Officer Hubbard in his individual capacity and to properly identify the Kimball Police Department as "Town of Kimball, Tennessee." Defendants responded, offering no objection to the amendment of the Kimball Police Department's name, but claiming Officer Hubbard would be unfairly prejudiced by allowing Plaintiffs to amend the complaint to sue him in his official capacity.

The Court will address each of these motions in turn.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss all claims in Plaintiffs' complaint against Officer Hubbard in his individual capacity and to dismiss claims for punitive damages. Defendants assert Plaintiff's failure to specifically charge Officer Hubbard in his individual capacity should be treated as a suit against Officer Hubbard solely in his official capacity. Because a suit against Officer Hubbard in his official capacity is essentially a suit against the Town of Kimball itself, Defendant argues any punitive damages would be barred by the Tennessee Government Tort Liability Act, §§ 29-20-101 *et seq.* ("TGTLA"). Plaintiffs' response to this motion does not provide any further clarification of the nature of the claims asserted against Officer Hubbard.

3

## A. Standard of Review

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## B. Claims Against Officer Hubbard in His Individual Capacity

Defendants contend there is no specific allegation against Officer Hubbard in his individual capacity and further, the language of the complaint indicates the allegations are against him solely in his official capacity. In support of their contention, Defendants cite the lack of designation in the caption of the complaint and Plaintiffs' assertion Officer Hubbard "was acting in the course and

4

scope of his employment . . . and under color of state law" (Complaint, p. 1).

Plaintiffs seeking relief under Section 1983 must set forth clearly in their pleading that they are suing state defendants in their individual capacity for damages and not simply in their capacity as state officials. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Absent any indication defendants are being sued individually, it is assumed they are being sued in their official capacities. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). The Sixth Circuit has adopted a "course of proceedings" test to determine whether § 1983 defendants have received notice of Plaintiffs' intent to hold them personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). In *Moore*, the Sixth Circuit modified the *Wells* decision and concluded "while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity,' . . . failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Id.* at 772 (citation omitted). The "course of proceedings" test considers factors including the nature of the plaintiff's claims, type of damages requested, "nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at n.1. This test also considers "whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued." *Id.*

The complaint contains multiple references to Officer Hubbard and Officer "acting under color of state law" and "acting in the scope of his employment" (Complaint, pp. 1, 2, 5, 7, 9, 11). Unlike the complaint in *Moore*, there is no language referring to the "individual defendants" or that the officers were "acting for themselves and for the City." *Moore*, 272 F.3d at 773. The wording used in the complaint suggests Officer Hubbard is being sued in his official capacity. However, the

5

nature of the allegations and the claim for punitive damages support the conclusion Officer Hubbard is being sued in his individual capacity as well. Throughout the complaint, Plaintiffs reference specific actions taken by Officer Hubbard and assert state claims such as intentional infliction of emotional distress. A claim against Officer Hubbard purely in his official capacity would stem from policies and procedures of the officers or inadequate training claims. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 968-69 (applying *Moore* factors and finding nature of complaint to imply purely official capacity based on claims of responsibility for training and supervision); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.1991) (finding a personal capacity claim where "the unconstitutional conduct alleged involves [the defendant's] individual actions and nowhere alludes to an official policy or custom that would shield him from individual culpability"). In the instant case, the nature of the complaint would provide Officer Hubbard with "clear notice from the beginning that [he] faced individual liability of some sort for the conduct of which" Plaintiffs complain. *Moore*, 272 F.3d at 774.

Plaintiffs seek compensatory damages and punitive damages from the defendants. Although the type of damages sought alone may not suffice to give notice, a request for punitive damages is indicative of a suit maintained against an officer in his individual capacity. *Compare Moore*, 272 F.3d at 773 (finding additional support for individual capacity where the plaintiff "sought compensatory and punitive damages against each of the defendants"), *and Edmonds v. Turner*, No. 3:03-CV-7482, 2006 WL 3716796 (N.D. Ohio Dec. 14, 2006) (finding no implied suit against defendants in their individual capacities where no punitive damages were sought), *with Shepherd*, 313 F.3d at 969 (distinguishing *Moore* as a "request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity" but alone, it is not

6

"sufficient to place a state official on notice that he is being sued in his individual capacity"). The prayer for relief in the complaint weighs in favor of finding the suit against Officer Hubbard is in his individual capacity.

Although Plaintiffs did not clarify this issue in their response to the motion to dismiss, Plaintiffs filed a motion to amend their complaint simultaneously with their response. In the amended complaint, Plaintiffs have included a designation in the caption and clarify their intention to sue Officer Hubbard in his individual capacity (Court File No. 9, Ex. A). Subsequent pleadings can be considered in determining whether the defendant was on notice of the capacity in which he is being sued. *Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995)) (finding the plaintiff's response to motion for summary judgment sufficient notice to alert the defendant he was being sued in his individual capacity). Unlike the proposed amended complaints in *Shepherd*, Plaintiffs have clearly specified the capacity in which they are suing Officer Hubbard in their first amendment to the complaint. 313 F.3d at 968 (upholding denial of second motion to amend complaint where "plaintiffs failed to clarify the capacities in which they were suing the defendants, even though they had an opportunity to do so in their first amended complaint"). Following the reasoning in *Abdur-Rahman* and *Moore*, Plaintiffs' motion to amend complaint filed concurrently with their response to Defendants' motion to dismiss puts Officer Hubbard on notice of the capacity in which he is being sued.

Finally, Defendants' answer to the complaint evidences their notice of Officer Hubbard's potential for individual liability. "Officer Hubbard reserves the right to rely upon the doctrine of qualified, good faith immunity" (Court File No. 5, p. 4). Public officials sued under 42 U.S.C. § 1983 in their individual capacities may raise "qualified immunity" as a defense to the suit. *Harlow*

7

*v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because qualified immunity is available only in a personal capacity suit, assertion of this defense evidences Defendants' understanding Officer Hubbard may be liable in his individual capacity. *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)). The defenses raised in the answer factor in favor of a finding Officer Hubbard is being sued in an individual and official capacity.

Based on the nature of the claims, the damages sought, the subsequent pleadings by Plaintiffs, and the defenses raised, the course of proceedings indicate Officer Hubbard received sufficient notice of individual liability. Therefore, Plaintiffs' failure to specifically assert claims against Officer Hubbard in his individual capacity is not fatal. Applying the factors outlined in *Moore*, the Court concludes Defendant had actual knowledge of the potential for individual liability and Defendants' motion to dismiss claims against Officer Hubbard in his individual capacity will be **DENIED**.

### C. Claims for Punitive Damages Against Town of Kimball

Defendants move to dismiss all claims for punitive damages, arguing because Officer Hubbard is only sued in his official capacity, this is essentially a suit against the Town of Kimball itself and therefore punitive damages are precluded pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267-68 (1981). In *City of Newport*, the Court reasoned "punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill." *Id.* at 267. Defendants are correct in their contention Plaintiffs are precluded from seeking punitive damages from the Town of Kimball or Officer Hubbard in his official capacity. However, because of the Court's determination Officer Hubbard is also being sued in his individual capacity,
8

the dismissal of a demand for punitive damages is premature.

At this stage in the litigation, plaintiffs are not completely prevented from pursuing their claim for punitive damages as they may be sought from the officers in their individual capacities. *See Smith v. Wade*, 461 U.S. 30, 56 (1983) (holding that a jury may assess punitive damages in a Section 1983 action when defendant's conduct is shown to be "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"); *Alexander v. Newman*, 345 F. Supp. 2d 876, 888 ("punitive damages are not recoverable from a governmental entity or its employees when the action arises out of *negligence*" (emphasis added)). Therefore, Defendants' motion to dismiss claims for punitive damages will be **DENIED**.

### III. PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs seek to amend their complaint to clarify their claims against Officer Hubbard in both his official and individual capacities as well as to properly identify the municipal defendant as the "Town of Kimball." Defendants do not object to Plaintiffs amending the complaint to reflect the proper party name of Town of Kimball, but claim Officer Hubbard would be prejudiced by allowing an amendment to reflect suit against him in an individual capacity.

When a party wishes to amend its pleading after a responsive pleading has been filed, it must seek leave of the Court. Fed. R. Civ. P. 15(a). Normally such leave to amend is freely given when justice so requires. *Id*. In deciding whether to permit an amendment, the Court considers:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994) (citations omitted).

Based on the Court's analysis and application of the *Moore* factors above, Officer Hubbard had sufficient notice of individual liability from the allegations and relief sought in the complaint as well as Plaintiffs' subsequent motion to amend the complaint. In *Moore*, the Sixth Court found the district court erred in failing to allow plaintiff to amend complaint based on similar circumstances to those presented. Here, as in *Moore*, the "original and amended complaints involve the same conduct," the officers were sued not only for Section 1983 violations but also state torts providing "notice from the beginning they faced individual liability" and they "have not been denied an opportunity to retain individual counsel or prepare a defense." *Moore*, 272 F.3d at 774. Defendants have not pointed to any allegations of bad faith or undue delay other than Plaintiffs' filing a motion to amend rather than to specifically address the issue in their response to Defendants' motion to dismiss.

The Court finds Defendants had notice of Plaintiffs' claims against Officer Hubbard in his individual capacity and an amendment to the complaint to reflect this will not prejudice the parties. Therefore, Plaintiffs' motion to amend their complaint will be **GRANTED**.

## IV.   CONCLUSION

The Court determines Officer Hubbard had notice of individual liability based on the course of proceedings factors outlined in *Moore* and, because Plaintiffs are suing Officer Hubbard in his individual capacity, they are not prevented from seeking punitive damages. Plaintiffs seek to clarify the capacity in which they are suing Officer Hubbard in an amended complaint and as Defendants were on notice of individual liability, such an amendment does not prejudice the parties and should

10

Case 1:09-cv-00199-SKL   Document 16   Filed 11/16/09   Page 10 of 11   PageID #: 103

be freely given. Accordingly, Defendants' motion to dismiss (Court File No. 6) will be **DENIED** and Plaintiffs' motion to amend/revise their complaint (Court File No. 9) will be **GRANTED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**